11/30/2018 9:25 AM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

Cause No. <u>18-11-22724-CVR</u>

| | | |
|---|---|---|
| **JESSICA ZABILSKI,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **REEVES COUNTY, TEXAS** |
| | § | |
| **RAJ KUMAR and PANTHER** | § | |
| **INTERSTATE CARRIERS, INC.,** | § | |
| *Defendants.* | § | <u>143 RD</u>  **TH JUDICIAL DISTRICT** |

## <u>PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSIONS, REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, JESSICA ZABILSKI, complaining of and against Defendants, RAJ KUMAR and PANTHER INTERSTATE CARRIERS, INC., hereinafter Defendants, and files Plaintiff's Original Petition, Request for Disclosure, Request for Admissions, Request for Production, and First Set of Interrogatories, and for cause of action would show the Court as follows:

### I. DISCOVERY LEVEL

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level 3 as proscribed by TEXAS RULE OF CIVIL PROCEDURE 190.4.

### II. PARTIES & SERVICE OF CITATION

Plaintiff, JESSICA ZABILSKI, is a natural person and was a resident of Coryell County, Texas, at the time of the events made the basis of this suit.

Defendant, PANTHER INTERSTATE CARRIERS, INC., is a foreign for-profit corporation doing business in the State of Texas without a Texas registered agent.  PANTHER INTERSTATE CARRIERS, INC.'s current address is 16172 West Botelho Avenue, Kerman, California 93630.   Service of Process may be obtained on PANTHER INTERSTATE

*Plaintiff's Original Petition and Discovery Requests*

**EXHIBIT
1**
tabbies

CARRIERS, INC. by serving Rolando Pablos, Texas Secretary of State, at 1019 Brazos, Room 105, Austin, Texas 78701, or any of the Principals, Officers, or Agents, via private process server.

Defendant, RAJ KUMAR, is an individual whose last known mailing addresses are 3581 N. Parkway Drive, Apt. 142, Fresno, California 93722-4740, and 608 Kimball Avenue, Yonkers, New York 10704-1526.  Service of Process may be obtained on RAJ KUMAR by serving J. Bruce Bugg, Jr., Texas Department of Transportation Commission Chairman, 125 E. 11th Street, Austin, Texas 78701, or any of the Principals, Officers, or Agents, via private process server.

### III. MISNOMER, ALTER-EGO, ASSUMED NAME

In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

### IV. JURISDICTION

Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court. Specifically, Plaintiff seeks monetary relief of over $1,000,000.

### V. VENUE

Pursuant to Section 15.002(A)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, venue is proper in Reeves County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### VI. FACTUAL BACKGROUND

Plaintiff, JESSICA ZABILSKI, bring this suit to recover damages for personal injuries sustained as a result of a collision in Reeves County, Texas, on or about January 2, 2017. Said collision was proximately caused by the negligence of Defendants.

*Plaintiff's Original Petition and Discovery Requests*

At the time of the occasion in question, Plaintiff was a passenger in a vehicle traveling westbound on Highway 10 East in Reeves County, Texas.  Plaintiff's vehicle attempted to pass Defendant's Freightliner Tractor Trailer in the left hand lane.  Suddenly and without warning, Defendant unsafely changed lanes and entered the lane the Plaintiff was traveling in.  The force of the impact caused Plaintiff's vehicle to become wedged onto the Defendant's vehicle.  Once Plaintiff's vehicle was detached from the Defendant's vehicle, it entered the center median before coming to a stop.  Defendant's failure to keep a proper lookout and operate his vehicle with reasonable care caused Plaintiff to suffer severe injuries and damages.

## VII. RESPONDEAT SUPERIOR

At all times material hereto, all agents, servants, and/or employees of Defendant, PANTHER INTERSTATE CARRIERS, INC., were acting within the course and scope of employment and/or official duties.  Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant, PANTHER INTERSTATE CARRIERS, INC., were acting in furtherance of the duties of their office and/or employment. Therefore, Defendant, PANTHER INTERSTATE CARRIERS, INC. is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees pursuant to the Doctrine of Respondeat Superior.

## VIII. NEGLIGENCE

Plaintiff alleges that, upon the occasion in question, Defendant, RAJ KUMAR, failed to use ordinary care in operating a vehicle in at least one or more of the following ways:

a.      Failing to safely change lanes;

b.      Failing to control speed to avoid a collision;

c.      Failing to keep a proper lookout;

*Plaintiff's Original Petition and Discovery Requests*

d.      Failing to maintain control of a vehicle;

e.      Failing to pay adequate attention;

f.      Failing to make a timely application of the brakes;

g.      Failing to use due caution;

h.      Failing to yield right of way and;

i.      Striking another vehicle, causing serious personal injuries.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## IX. NEGLIGENT ENTRUSTMENT

Plaintiff further allegeS that, on or about the occasion in question, Defendant, PANTHER INTERSTATE CARRIERS, INC., owned the vehicle that was operated by Defendant, RAJ KUMAR. RAJ KUMAR was in possession of said vehicle with the express consent of Defendant, PANTHER INTERSTATE CARRIERS, INC.

Defendant, PANTHER INTERSTATE CARRIERS, INC., entrusted the vehicle to RAJ KUMAR for the purpose of operating it on the public streets and highways of Texas, and RAJ KUMAR operated it with the knowledge, consent, and permission of PANTHER INTERSTATE CARRIERS, INC., INC.  At such time, RAJ KUMAR was incompetent and unfit to safely operate a motor vehicle on the public streets and highways of Texas. Defendant, PANTHER INTERSTATE CARRIERS, INC., INC., knew or should have known, in the exercise of due care, that RAJ KUMAR was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas.

Plaintiff also alleges that, upon the occasion in question, RAJ KUMAR was negligent for failing to use ordinary care by various acts and omissions in at least one of the following ways:

a.    Knowingly and negligently entrusting a vehicle to a reckless driver;

b.    Knowingly and negligently entrusting a vehicle to a fatigued driver;

c.    Knowingly and negligently entrusting a vehicle to an uninsured driver;

d.    Knowingly and negligently entrusting a vehicle to an inexperienced driver; and

e.    Knowingly and negligently entrusting a vehicle to a restricted driver.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## X. GROSS NEGLIGENCE

At the time of the incident in question, Defendant, RAJ KUMAR, was driving in such a manner and under such a condition as to create an extreme risk by his reckless disregard of the rights, welfare, and safety of other motorists, pedestrians and other persons.  Although aware of this risk, Defendant's actions demonstrate a conscious indifference to the rights, welfare, and safety of other motorists, pedestrians and other persons.  Although aware of the risk to the rights, welfare and safety of other motorists, Defendant disregarded said risks.  Such conduct demonstrates a conscious indifference to the rights, welfare, and safety of other motorists, pedestrians and other persons.  The malice demonstrated by such conduct was a proximate cause of the damages to Plaintiff and therefore, Plaintiff is entitled to recover punitive damages.

## XI. DAMAGES

Plaintiff would show that, as a direct and proximate result of the above-mentioned collision, Plaintiff sustained significant personal injuries and damages, including but not limited to the following:

a.  Past and future physical pain and suffering;

b.  Past and future mental anguish;

*Plaintiff's Original Petition and Discovery Requests*

    c.   Past and future disfigurement;

    d.   Past and future medical expenses;

    e.   Past and future lost wages;

    f.   Loss of earning capacity;

    g.   Past and future physical impairment;

    h.   Past and future loss of enjoyment of life; and

    i.   Past and future loss of consortium.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer and that on final hearing Plaintiff has judgment against Defendants for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court, and for such other and further relief, at law or in equity to which Plaintiff is justly entitled.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.

## XIV. REQUEST FOR ADMISSIONS

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 198, you are requested to answer, within fifty (50) days of service of this request, the following Requests for Admissions.

### Definitions

For purposes of the following Requests, the following definitions apply:

"You," "Your," and "Defendant" means and refers to the named Defendant answering

*Plaintiff's Original Petition and Discovery Requests*

these requests.

"Incident in Question" means and refers to the collision referred to in Plaintiff's Original

Petition.

"Vehicle" refers to the automobile driven by RAJ KUMAR, involved in the Incident in

Question.

### Requests

1. Admit that this collision occurred on January 2, 2017, in Reeves County, Texas.

2. Admit that you owned the vehicle operated by RAJ KUMAR at the time of the Incident in Question.

3. Admit that you were responsible for the proper maintenance of vehicle operated by RAJ KUMAR at the time of the Incident in Question.

4. Admit that RAJ KUMAR had moving violations prior to the Incident in Question.

5. Admit that you were aware that RAJ KUMAR had moving violations prior to the Incident in Question

6. Admit that RAJ KUMAR had previous motor vehicle collisions before the Incident in Question.

7. Admit that you were aware that RAJ KUMAR had previous motor vehicle collisions before the Incident in Question.

8. Admit that RAJ KUMAR failed to change lanes safely at the time of the Incident in Question.

9. Admit that RAJ KUMAR's failure to change lanes safely was a cause of the Incident in Question.

10. Admit that RAJ KUMAR failed to control speed at the time of the Incident in Question.

11. Admit that RAJ KUMAR's failure to control speed was a cause of the Incident in Question.

12. Admit that RAJ KUMAR failed to keep a proper lookout at the time of the Incident in Question.

13. Admit that RAJ KUMAR's failure to keep a proper lookout was a cause of the Incident in Question.

14. Admit that RAJ KUMAR failed to exercise ordinary care at the time of the Incident in Question.

15. Admit that RAJ KUMAR's failure to exercise ordinary care was a cause of the Incident in Question.

16. Admit that the Vehicle was in proper working condition the day of the Incident in Question.

17. Admit that there was no mechanical condition/defect on Vehicle at the time of the incident that contributed to the cause of the collision.

18. Admit that Plaintiff has incurred medical expenses as a result of the Incident in Question.

19. Admit that Plaintiff has experienced pain and suffering as a result of the Incident in Question.

20. Admit that Plaintiff will experience future pain and suffering as a result of the Incident in Question.

21. Admit that your negligence was a proximate cause of the Incident in Question.

22. Admit that RAJ KUMAR's negligence was a proximate cause of the Incident in Question.

23. Admit that your negligence resulted in Plaintiff's injuries, pain, suffering, and incurred medical expenses.

24. Admit that RAJ KUMAR's negligence resulted in Plaintiff's injuries, pain, suffering, and incurred medical expenses.

25. Admit that the incident was not a result of a sudden emergency.

26. Admit that the incident was avoidable.

27. Admit that RAJ KUMAR owed a duty to Plaintiff to operate the vehicle safely.

28. Admit that RAJ KUMAR owed a duty to Plaintiff to operate the vehicle competently.

29. Admit that RAJ KUMAR owed a duty to Plaintiff to avoid operating the vehicle recklessly.

30. Admit that weather conditions were not a factor contributing to the collision.

31. Admit that road conditions were not a factor contributing to the collision.

32. Admit that Plaintiff's actions at the time of the collision were prudent and reasonable.

33. Admit that Plaintiff committed no act or omission that proximately caused or contributed to the collision in question.

34. Admit that RAJ KUMAR was employed at the time of the collision.

35. Admit that RAJ KUMAR was acting within the course of employment at the time of the collision.

36. Admit that RAJ KUMAR was acting within the course and scope of employment with you at the time of the collision.

37. Admit that you had automobile insurance at the time of the collision.

38. Admit that the vehicle involved in the collision was covered by insurance at the time of the collision.

39. Admit that you had been drinking alcohol within the eight (8) hours prior to the collision.

40.  Admit that you owned a cellular phone at the time of the incident.

41. Admit that a cellular telephone was located inside the vehicle at the time of the incident.

42. Admit that you were talking on a cellular telephone at the time of the collision.

43. Admit that you were sending a text on a cellular telephone at the time of the collision.

44. Admit that you were reading text on a cellular telephone at the time of the collision.

45. Admit that your insurance company participated in an arbitration proceeding related to any claim, issue or dispute involving payment of damages related to this collision.

46. Admit that you spoke to an employee from your insurance company.

## XV. REQUEST FOR PRODUCTION

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 196, you are requested to produce, within fifty (50) days of service of this request, the following information. Demand is hereby made for supplementation of the Defendants' responses to this Request for Production as required by TEXAS RULE OF CIVIL PROCEDURE 193.5.

*Plaintiff's Original Petition and Discovery Requests*

## Definitions & Instructions

For purposes of the following Requests, the following definitions apply:

A. Defendant:   As used herein the term "Defendant" means the named Defendant answering the reques. "EMPLOYER" refers to PANTHER INTERSTATE CARRIERS, INC., its departments, agencies, and subdivisions, employees, drivers, independent contractors, owner operators, trip lessors and their attorneys, investigators, brokers, agents, or any other representatives. This includes RAJ KUMAR hereafter referred to as "DRIVER."

B. Accident:  Unless otherwise defined in a specific request, the term "accident" as used herein, means the accident alleged in Plaintiff's Original Petition and any amendments thereto.

C. Accident Files and Records:  The term "Accident Files and Records", as used herein, is intended to have broad reference to all forms of recorded information, including writings and recordings as defined in Rule 1001, Rules of Evidence, and includes written or recorded statements, reports, memorandums, correspondence, maps, diagrams, pictures, blueprints, plats, and other related objects and documents inclusive of any documents, letters to or from or records and reports required from the Defendants by other organizations, state and/or Federal governmental agencies.

D. Co-Driver:  As used herein "Co-Driver" means any person(s) driving or riding with RAJ KUMAR from time to time in over the road motor carrier equipment, owned or operated by the Defendants, and from time to time working for or with RAJ KUMAR in the capacity of a co-driver and/or driver trainer.

E. Driver:  As used herein, the term "Driver or Drivers" means any person employed, or contracted for or with, by PANTHER INTERSTATE CARRIERS, INC., including persons known as co-drivers, independent contractors, owner operators or trip lessors and includes persons furnished to Defendants as drivers by any other person or organization who perform driving services for or on behalf of EMPLOYER. Note, this pertains only to the vehicle involved in the collision made the basis of this suit.

F. Driver's Qualification File:  As used herein, the term "Driver's Qualification File" means those records specifically required to be maintained by the FMCSR Part 382, 383 and 391 (see Definitions "M" and "N") to be created and maintained by EMPLOYER on any driver who performs services or work for or on behalf of EMPLOYER. For your convenience, a basic description and definition of the documents requested is shown in sub-definitions "F-1 through F-13", found in request number 2 herein, which are incorporated in this definition by reference.  This definition does not include those documents defined in Definition "G" or other definitions found herein.

G. Driver's Personnel File:  The term "Driver's Personnel File", as used herein, means any and all files, records, communications or documents created by a driver, EMPLOYER or any other person or organization that contains documents directed to, received from or about a driver (see Definition "E").  For your convenience, a basic description and definition of the documents requested are shown in sub-definitions "G-1 through G-5" found in request number 4 herein, which

are incorporated in this definition by reference.  This definition does not include those documents defined in Definition "F" or other definitions found herein.

H.   Trip - Operational Documents:  The term "trip", as used herein, is defined as the transportation and/or movement of one load of cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel "empty or unloaded" from that destination point to the next point or location of loading, end of trip or new trip origin.

The meaning of the term "Operational Documents", as used herein, are clearly defined in sub-definitions "H-1 through H-17" found in request number "1" herein for your convenience which are incorporated in this definition by reference and are applicable to the records generated for each trip made by DRIVER during the time period requested.

I.   Tractor:  The term "Tractor", as used herein, unless otherwise defined in a specific request herein, means the over the road vehicular power unit being operated by DRIVER at the time the accident occurred.

J.   Trailer:  The term "Trailer," as used herein, unless otherwise defined in a specific request herein, means any Trailer that was attached to the power unit being operated by DRIVER on the date of the accident.

K.   Hours of Service Records:  As used herein, the term "Hours of Service Records" means any and all documents created in reference to the FMCSR Part 395 (see Definitions "M" and "N"), including, but not limited to, driver's record of duty status or drivers' daily logs, time worked cards or other time worked records or summaries, EMPLOYER's administrative driver's record of duty status or log audits and/or 70/60-hour log audits or summaries along with any records or reports of violations or, any otherwise described documents advising any of the Defendants of hours of service violations.  This specifically includes all advice, reprimands or warnings given or sent to DRIVER or any of his co-driver(s) for violations of the FMCSR Part 395 (see Definitions "M" and "N"), "Hours of Service of Drivers" Regulations created by or on behalf of EMPLOYER.

L.   Maintenance Files and Records:  As used herein, the term "Maintenance Files and Records" means those documents required to be created and/or maintained by EMPLOYER in accordance with the FMCSR Part 396 (see Definitions "M" and "N"), "Inspection, Repair and Maintenance."  This includes, but is not limited to, all driver's Tractor and Trailer daily condition reports, all systematic and annual inspections, work or repair orders, list of add-ons and/or take-offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance and all summary type maintenance documents prepared by Defendants or other agencies or organizations, inclusive of any summary or computer generated type systematic lubrication, inspection and maintenance records and documents in the possession of any of the Defendants on the Tractor or Trailer as defined in Definitions "I" and "J" herein. This definition specifically includes any and all driver daily condition reports created by any driver and maintenance files and records maintained by and in the possession of any other person or organization performing maintenance services for or on behalf of any of the Defendants applicable to the time period requested.

M.  CFR, Title 49, Parts 382 through 397:  As used herein "CFR Title 49" means the "Code of Federal Regulations", Title 49 - Transportation, U.S. Department of Transportation, Chapter 3, Federal Motor Carrier Safety Administration, Subchapter B - Parts 382 through 397 titled the "Federal Motor Carriers Safety Regulations" in effect on the date of the accident in question, hereinafter referred to as "FMCSR, Parts 382, 383, 385, 387, 391, 392, 393, 395, 396, or 397."

N.  FMCSR:  As used herein "FMCSR" means the "Federal Motor Carrier Safety Regulations" as defined in Definition "M" herein.

O.  FMCSA:  As used herein "FMCSA" means the Federal Governmental Entity within the Federal Department of Transportation known as the "Federal Motor Carrier Safety Administration," which is the federal agency having jurisdiction and field enforcement responsibilities for the FMCSR as defined in Definitions "M" and "N" herein.

P.  TXMCSR:  As used herein "TXMCSR" means the "State of Texas Motor Carrier Safety Regulations" as adopted by Texas Department of Transportation, titled, "Rules and Regulations for the Enforcement of Motor Carrier Safety Provisions and the Transportation of Hazardous Materials" in effect on the date of the accident.  These rules are basically the same as the Federal Motor Carrier Safety Regulations as defined in Definitions "M" and "N" herein and are applicable to motor carriers operating within the state of Texas.

Q.  Complete and Clearly Readable Copies:  As used herein, the terms "complete and clearly readable copies" means copies that are not reduced in size, unless the document being copied exceeds the size of normally available copy paper, and is a complete copy of the document clearly readable to the average person.  Plaintiff requests that each document that is reproduced by copy methods to satisfy this request, be reproduced on one page (one document per page), separate and apart from all other documents produced.  If the copies reproduced to satisfy any request herein are not clearly readable, plaintiff requests the originals be produced for purposes of viewing and copying by the plaintiff.  The originals will be timely returned to the producing defendant.

R.  "Document":  means and includes writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist.  This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems.  If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes,

work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

S. "Custodian": means the person or entity with care, custody, control of the item or document that is subject of inquiry. A request to identify the custodian of any item or document is a request to provide the name, address and telephone number of said custodian.

T. "Photograph": means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

You are not asked to divulge or provide any information or documents which are privileged in nature. However, for each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim or privilege or other ground for exclusion.

If a requested document once was but is no longer in the possession, custody or control of Defendant or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

Pursuant to *Overall v. Southwestern Bell Yellow Pages*, a party is required to send the documents to the requesting party along with a copy of the response. Unless there are thousands of documents, a party is not permitted to merely make documents available at a specific location. 869 S.W.2d 629 (Tex. App.–Houston [14th Dist.] 1994).

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7, Defendants are hereby notified that Plaintiff reserves the right to use at trial any and all documents Defendants produce in response to this and any other discovery request.

## Requests for Production

1. Complete and clearly readable copies of all trip and/or operational documents (see Definition "H") pertaining to the movement of cargo by DRIVER and/or any of his accompanying co-driver(s), or driver trainers from 30 days before the Incident in Question through the delivery date and time of the cargo he may have been transporting at the time the accident occurred. Please refer to the following sub-Definitions "H-1 through H-17" and follow them closely grouping and identifying all documents produced by each trip occurring during the time period requested:

   H-1. Complete and clearly readable copies of DRIVER's trip reports and/or trip envelopes, daily loads delivered or picked up reports or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by DRIVER to EMPLOYER, inclusive of daily, weekly or monthly cargo transported,

time and/or distance traveled reports or work records excluding only those documents known as "driver's daily logs or driver's record of duty status".

H-2. Complete and clearly readable copies of all receipts for any trip expenses or purchases made by DRIVER or his co-driver during a trip regardless of type of purchase, such as fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, and all otherwise described receipts regardless of the type of objects or services purchased.

H-3. Complete and clearly readable copies of all cargo pickup or delivery documents prepared by any of the Defendants, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported and the operations of DRIVER.

H-4. Complete and clearly readable copies of any and all written requests, letters, memoranda, instructions, or orders, for transportation of cargo prepared by Defendants, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch or sales personnel, drivers or other persons or organizations relative to the operations and cargo transported by DRIVER.

H-5. Complete and clearly readable copies of all bills of lading and/or cargo manifest prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers of cargo or any of the Defendants. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery that are relative to the operations and cargo transported by DRIVER.

H-6. Complete and clearly readable copies of all equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and/or delivery dates and times or delays and/or detention of equipment relative to the operations of DRIVER.

H-7. Complete and clearly readable copies of all cargo transported freight bills, Pro's or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate date and/or time of pick up or delivery of cargo by DRIVER or his co-driver(s).

H-8. Complete and clearly readable copies of all written instructions, orders, or advice given to DRIVER in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by EMPLOYER, shippers, receivers, or any other persons or organizations.

H-9. Complete and clearly readable copies of dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation

and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form.   This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of DRIVER.

H-10. Complete and clearly readable copies of any driver (see Definition "E") call-in records or otherwise described written records indicating any communications between EMPLOYER and DRIVER.

H-11. Complete and clearly readable copies of all accounting records, merchandise purchased, cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed for EMPLOYER by DRIVER and/or his co-drivers.

H-12. Complete and clearly readable copies of all initial or rough driver's (see Definition "E") trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary paid to DRIVER (see Definition "E") in reference to DRIVER's trip(s).   This specifically includes any summary type documents showing all payments made to DRIVER and/or his co-drivers regardless of the purpose of payment or period of time payment was made for.

H-13.   Complete and clearly readable copies of any and all motor carrier or driver (see Definition "E") created trip fuel mileage and purchase reports or records.   This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source such as the organization known as "COMCHEK", or generated for or by EMPLOYER showing date, time and location of fueling or other purchases by DRIVER and/or his co-drivers while on the trips requested herein.

H-14.   Complete and clearly readable copies of all checks or otherwise described negotiable instruments issued to DRIVER or his co-driver(s) (see Definitions "D" and "E") given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of any of the Defendants.   Specifically copies of both the "front and back" of each check and/or comchek issued to DRIVER, or any of his co-drivers is requested.

H-15.   Complete and clearly readable copies of any and all state fuel or oversize special permits and any related documents or requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit.   The receipt acknowledging payment for the permit(s) issued by any governmental agency is specifically requested that relate to the movements of DRIVER and/or his co-drivers during the requested time period.

H-16.   Complete and clearly readable copies of any and all trip leases or trip lease contracts involving DRIVER and/or his co-drivers along with all related documentation issued to or created or received by any of the Defendants. Specifically, this includes any trip leases negotiated between the Defendants and any other motor carrier or their drivers inclusive of all related documentation thereto. Basically, "related documentation" consists of any documents created or generated in reference to each trip lease(s) and in addition, driver's daily logs or record of duty status, driver's daily condition reports, motor carrier certification of drivers qualification and include other documents that relate to the billing and payment for such movement of freight, along with all other types of documentation regardless of form or description that are relative to each occurrence involving the services and activities of DRIVER and/or his co-drivers, and,

H-17.   Complete and clearly readable copies of any and all other "operational or trip related documents" (see Definition "H") created or received by the Defendants or any other persons or organizations, regardless of form or description and not defined herein, in the possession of any of the Defendants and relative to the operations, activities, movements, cargo and trips accomplished by DRIVER and/or his co-drivers during the time period requested.

2.   Complete and clearly readable copies of the "Driver Qualification File" (see Definition "F") maintained by any of the Defendants on DRIVER along with any other documents contained therein, in their precise state of existence on the date of the accident.  Please refer to the following sub-Definitions "F-1 through F-13" herein and follow them closely:

F-1.   Any pre-employment questionnaires or other documents secured from DRIVER prior to employment.

F-2.   Any and all completed applications for employment secured both before and/or after the actual date of contract or employment of DRIVER.

F-3.   All medical examinations, drug tests and certification of medical examinations inclusive of expired and non-expired documents relative to DRIVER.

F-4.   All of DRIVER's annual violation statements which should include one for each twelve months of contract or employment with the Defendant motor carrier in this case.

F-5.   All actual driver's motor carrier road tests administered to DRIVER.

F-6.   All actual driver's motor carrier written tests administered to DRIVER.

F-7.   All road and written test certificates issued by EMPLOYER or any other motor carrier or organization to DRIVER regardless of the date issued or the originator of such certificates.

F-8.  All past employment inquiries sent to or secured from former employers along with all responses received from former employers inclusive of all U. S. mail, personal contact or telephone inquiries and results directed to or received by EMPLOYER from past employers of DRIVER.

F-9.  All inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by any of the Defendants, or other organizations on behalf of defendants, from state or federal governmental agencies, or other organizations, relative to DRIVER's traffic and accident record.

F-10.  Copies of all road or written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of any of the Defendants regardless of card issuance date or origin.  This specifically includes cards, as previously described herein, issued by other motor carriers to DRIVER or his co-drivers presently in their personal possession.

F-11.  All annual reviews, file reviews or file summaries and related documents found in the driver qualification file of DRIVER.

F-12.  All documents relative to any drug testing of DRIVER, and

F-13.  Any and all other contents of DRIVER's driver qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

3.  Complete and clearly readable copies of any and all other documents added to DRIVER's "Driver Qualification File" (see Definition "F") from the date of the accident to the present date, as presently maintained by EMPLOYER.  Please identify and produce such documents separate and apart from the documents requested in Request Number 2 herein.

4.  Complete and clearly readable copies of the "Driver Personnel File"  (see Definition "G"), and/or any otherwise titled files on DRIVER or in reference to DRIVER's services, from initial contract or employment with EMPLOYER to the present date.  Please refer to the following sub-definitions G-1 through G-5 and follow them closely:

G-1.  Applications for employment, owner/operator or other types of contracts, agreements, payroll or money advanced records, attendance records, computer generated documents and any other summary type document regardless of subject, description or form relative to DRIVER or the services performed by DRIVER.

G-2.  Hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents relative to DRIVER.

G-3. Prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents or loss reports or records

inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relate to DRIVER.

G-4.  FOMCSFO (see Definition "O") or other law enforcement agencies, terminal audits or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of any of the defendant's file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by DRIVER, and

G-5.  Any and all other documents found in such a file, regardless of description, title, form, origin or subject, maintained by the Defendants in reference to DRIVER, excluding only those documents required by the FMCSR Part 391, Driver Qualifications, (see Definition "F") defined in request #2, sub-definitions "F-1 through F-13" herein.

5.      Complete and clearly readable copies of any state or FMCSA (see Definition "O"), issued terminal audits, road equipment and/or driver compliance inspections or warnings and traffic citations issued in reference to the activities of DRIVER, his co-drivers, or driver trainers, by any city, county, state or federal agency or law enforcement official in the possession of any of the Defendants.  This request specifically includes any documents issued by any governmental agencies or officials in reference to violations of any State or Federal Motor Carrier Safety or Hazardous Materials Regulations (see Definitions "M" or "N") that may have been issued in reference to the activities of DRIVER or his co-drivers or driver trainers from January 1, 1997 to the present date.

6.      Complete and clearly readable copies of all objects, photographs, drawings, reports, statements or otherwise described documents or objects in the possession of any of the Defendants in reference to the accident as defined herein "excluding only" those written documents, materials and objects that can be clearly identified as the work product of the defendant's attorneys.  This specifically includes any and all reports and written or electronically recorded statements made by any of the defendants to any other person, organization or governmental entity.  Please refer to Definition "C" herein and follow it closely.

7.      Complete and clearly readable copies of any and all other accident or incident files and records (see Definition "C") maintained by any of the Defendants in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, where DRIVER, or his co-driver(s), or driver trainer, was the driver of a vehicle involved in the prior accidents or incidents.

8.      Complete and clearly readable copies of all driver's record of duty status or driver's daily logs and 70/60 hour - 8/7 day summaries (see Definition "K") or otherwise described work time records created by DRIVER and/or any of his co-driver(s) for the period from thirty days before the date of the accident through the date of the accident in accordance with FMCSR Part 395 (see Definitions "M" and "N") in the possession of any of the Defendants.

9.      Complete and clearly readable copies of any and all EMPLOYER officers, executives or administrator's notices, directives, bulletins, publications and manuals of any type or otherwise described written instructions in reference to the day-to-day motor carrier operating and safety procedures to be followed by their company personnel, managers, supervisors, dispatchers and drivers. Specifically, any document relative to disciplinary policies or procedures for late freight delivery, motor fleet safety or failure to comply with the FMCSR (see Definitions "M" and "N") in existence and effective at EMPLOYER on the date of the accident.

10.     Complete and clearly readable copies of all maintenance files and records (see Definition "L") from January 1, 2000 through DOL maintained by any of the Defendants in accordance with the FMCSR/TXMCSR, Part 396 (see Definitions "M" and "N") on the Tractor (see Definition "I") involved in the accident inclusive of any inspections, repairs or maintenance done to the Tractor. In addition, all driver daily vehicle condition reports submitted by any driver(s) on the Tractor, from thirty days before the date of the accident through the date of the accident in the possession of any of the Defendants. This specifically includes all the driver daily vehicle condition reports, maintenance files and records maintained by any other person(s) or organization(s) that DRIVER or EMPLOYER may have borrowed, rented or leased the Tractor from, or who performed maintenance services on behalf of, or for EMPLOYER or DRIVER.

11.     Complete and clearly readable copies of the maintenance files and records (see Definition "L") created from January 1, 2000 through the date of the accident maintained by any of the Defendants in accordance with the FMCSR/TXMCSR, Part 396 (see Definitions "M" and "N") on the Trailer (see Definition "J") pulled by DRIVER inclusive of any documents indicating inspections, repairs or maintenance to the Trailer. In addition, all driver daily vehicle condition reports submitted by any driver(s), from thirty days before the date of the accident through the date of the accident in the possession of any of the Defendants. This specifically includes all the driver daily condition reports, maintenance files and records maintained by any other organization that DRIVER or EMPLOYER may have borrowed, rented or leased the Trailer from or who performed maintenance services for or on behalf of EMPLOYER or DRIVER.

12.     Any and all photographs or other electronic images that contain images of the underlying facts or that Defendant intends to offer into evidence at trial.

13.     Any and all photographs or other electronic images that contain images of the underlying facts or that Defendants intend to offer into evidence at trial.

14.     Any and all photographs, movies, videotapes or other visual reproductions that Defendants have of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Collision in Question.

15.     All published documents, treatises, periodicals or pamphlets on the subject of medicine, collision reconstruction, any engineering field, and any other area of scientific study that you claim to be a reliable authority which may be used by you at trial.

*Plaintiff's Original Petition and Discovery Requests*

16.   All published documents, treatises, periodicals or pamphlets on the subject of medicine, collision reconstruction, any engineering field, and any other area of scientific study that any testifying expert claims to be a reliable authority which may be used by you at trial.

17.   All published documents, treatises, periodicals or pamphlets on the subject of medicine, collision reconstruction, any engineering field, and any other area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.

18.   All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

19.   All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts have relied, or will rely, upon to support their opinions and mental impressions.

20.   All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts claim to be reliable authority which may be used at the time of trial.

21.   A copy of any contract of employment that would govern Defendants' relationship with any other entity or bear on the issue of "course and scope of employment."

22.   Copies of any and all statements made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.

23.   Any written, taped or mechanically reproduced statement made of any Defendant or Plaintiff.

24.   Any and all statements made by the Defendants regarding the Collision in Question to his/her insurance company, its employees, agents, independent contractors, adjusters, or representatives, not including statements made to Defendant's attorney.

25.   Any and all drawings, surveys, plats, maps or sketches of the scene of the Collision in Question.

26.   Any document, photographs, or other physical evidence that will be used or offered at trial.

27.   All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action.

*Plaintiff's Original Petition and Discovery Requests*

28.   The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Collision in Question generated or obtained by Defendant, Defendants' agents, or Defendants' insurers in the ordinary course of business.

29.   The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Collision in Question generated or obtained by Defendants, Defendants' agents, or Defendants' insurers before Plaintiff filed Plaintiff's Original Petition with the court.

30.   Please produce any and all correspondence, communications, letters, notes of oral conversations, and all other documents or writings sent to or received from or exchanged by and between you and your insurance carrier concerning the subject matter of this lawsuit, including, but not limited to, any damage to you, the vehicle in which you were riding, damage to any personal property, and any personal injuries.

31.   All documents, correspondence, memoranda, notes, or e-mails regarding communications between your insurance company and the Plaintiff's insurance company regarding the Collision in Question and/or Plaintiff.

32.   A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the Collision in Question including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

33.   A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which may provide coverage to satisfy all or part of any judgment which may be rendered in this litigation including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

34.   Any documents, reports, photographs, or other written records pertaining to any investigation of the Collision in Question.

35.   All documents regarding all other claims being currently made against Defendant's insurance policies for the Collision in Question other than by Plaintiff.

36.   Any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents, or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

   a.   The Collision in Question;
   b.   Plaintiff's damages;

*Plaintiff's Original Petition and Discovery Requests*

      c.     The presentation of any testimony;
      d.     Whether or how to conduct any cross-examination;
      e.     The performance of discovery; and/or
      f.     The presentation of any defense, excuse, or inferential rebuttal.

37.     Copies of any document or statement that any witness of Defendants will use or you anticipate may use to refresh his or her memory, either for deposition or trial.

38.     Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at trial.

39.     Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

40.     Any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of relevant facts named in discovery information provided by or to you before trial.  Please include the name of the person convicted, the offense for which he or she was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

41.     Any and all calendars, journals, diaries, logs, or notes kept by Defendants covering the month of the Collision in Question.

42.     All documents regarding Plaintiff's employment history, status, performance, or compensation obtained by Defendants via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

43.     All documents regarding Plaintiff's medical status, treatment or history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

44.     All documents regarding Plaintiff's financial status, earnings history, and tax payment history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

45.     All documents regarding Plaintiff's claims history obtained by Defendants via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

46.     All documents, records, reports, notations, or memoranda regarding Plaintiff from persons or entities that compile claim information, to include but not limited to, insurance claims, unemployment claims, social security claims, and worker's compensation claims.

47.    All statements or documents that show the identity of any witness to the Collision in Question, or any person with knowledge of relevant facts concerning the Collision in Questions, the events leading up to it, or any damage sustained by Plaintiff.

48.    All documents and tangible things which support your contention that:

   a.    any act or omission on the part of Plaintiff caused or contributed to the Collision in Question;

   b.    any factor, other than a. above, contributed to or was the sole cause of the Collision in Question, including but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party Defendants, sudden emergency, unavoidable collision, mechanical defect, or act of God;

   c.    any factor caused or contributed to the Plaintiff's damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of Plaintiff;

   d.    any or all of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the Collision in Question were not reasonable and/or necessary;

   e.    Plaintiff's injuries were not the result of or caused by the Collision in Question.

49.    Any records or documentation (medical or non-medical) which would indicate that you had alcohol and/or drugs (including prescription or non-prescription, legal or illegal) in your bloodstream or urine at the time or immediately following the Collision in Question.

50.    Any records or documentation (medical or non-medical) which would indicate that you were a regular user of marijuana within one (1) year preceding the Collision in Question.

51.    Any records or documentation (medical or non-medical) which would indicate that you were a regular user of any illegal substance within one (1) year preceding the Collision in Question.

52.    Copies of any and all Vehicle registrations and titles, state permits, purchase orders and specifications for the Vehicle.

53.    Copies of any and all collision reports for collisions in which the Vehicle was involved including the Collision in Question.

54.    Copies of any and all repair orders, damage estimates, appraisals, and maintenance records for the Vehicle for the six (6) months preceding the Collision in Question through three months after the Collision in Question.

55.    Copies of RAJ KUMAR's current and past driver's license(s) front and back.

*Plaintiff's Original Petition and Discovery Requests*

## XVI. INTERROGATORIES

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 197, you are requested to answer, within fifty (50) days of service of this request, the following Interrogatories.

### Preliminary Statement

1. The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2. You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3. You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4. Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5. If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you may specify the records from which the answer may be obtained.

### Definitions & Abbreviations

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendants fully and accurately understand the objectives of Plaintiff's discovery efforts and (2) to simplify and assist the Plaintiff in Plaintiff's efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by Plaintiff that an affirmative response on the part of Defendants will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on Defendants.

**A. DEFENDANT:** As used herein, the term "Defendant" means the named Defendant answering the request, his/her representatives, agents, and counsel.

**B. MULTIPLE PART ANSWERS:** Where an individual interrogatory calls for an answer, which involves more than one part or subpart, each part of the answer should be set forth separately

so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**C. YOU OR YOUR:** Where the term "you or your" is used in the interrogatories or instructions, it is meant to include the person(s) referenced in definition "A" above.

**D. WRITING OR WRITTEN:** The term "writing" or "written" are intended to include, but not necessarily be limited to the following:  hand writing, type writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**E.  DOCUMENT(S):** "Documents." The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**F. PERSON:**  "Person" as used herein means an individual, corporation, partnership, association, trust, governmental entity, and any otherwise described entity.

**G. PERSON(S) IDENTITY:**  When an interrogatory requests that you identify a person please state:

       1.     His or her full name;
       2.     His or her present or last known address;
       3.     His or her present employers name and address; and
       4.     His or her occupational position or classification.

**H. "IDENTIFY" or "IDENTIFICATION":**

       1.     As to a person: When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.

2.　As to an entity: The terms "identify" or identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

3.　As to a document: When used in reference to a document, the terms "identify" or "identification" shall include the following:

    a.　The title, heading or caption of such document.

    b.　The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.

    c.　A general description of the document.

    d.　The name of the person who signed the document or statement that it was unsigned.

    e.　Name of the person or persons who prepared the document.

    f.　Name of the person or persons to whom the document was addressed and to whom the document was sent.

    g.　The physical location of the document.

4.　As to a statement:　When used in reference to a statement, the terms "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

5.　To any other tangible thing:　When used in reference to any other tangible thing, the terms "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

**I. COLLISION IN QUESTION:**　The term "collision" or "collision in question" or similar reference as used herein refers to the Collision or Collision in Question described in Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**J. "STATEMENTS"** includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**K.　VEHICLE IN QUESTION:**　The term "vehicle in question" means the vehicle driven by RAJ KUMAR at the time of the incident in question.

## Interrogatories

1.  For RAJ KUMAR, state his full and complete name, any nicknames he has used, or been known by, date of birth, social security number, his present home address, telephone number and, if different, his complete home address and telephone number at the time of the collision in question.

2.  For PANTHER INTERSTATE CARRIERS, INC., is Defendant incorporated under the laws of any state or foreign country or is the Defendant's organization (company, corporation and etc.) a wholly owned subsidiary of another legal entity? If so, please state the name and address of the legal entity and the following information:

    A.  The state and/or county of registration;
    B.  The address of its principal place of business or registered office;
    C.  The date of commencement of business by the corporation;
    D.  The business in which it is authorized to engage; and
    E.  Legal status.

3.  Please state the complete name, address and telephone number of RAJ KUMAR's present employer indicating the date of employment, present job position, and description.

4.  Did Defendant and/or RAJ KUMAR make a report in writing to any other person or organization in reference to the collision in question?  If so, please state:

    a.  The identity of the person preparing each such report;
    b.  The identity of the person(s) or organization(s) for which the report(s) were prepared; and
    c.  The identity of the present custodian of copies of each such report.

5.  At the time the collision in question occurred, was RAJ KUMAR employed?  If so, please state the following as to such employment:

    a.  The identity of each employer, including their complete name(s) and address(es);
    b.  The identity of the person who was RAJ KUMAR's immediate supervisor in reference to services you performed;
    c.  The beginning and ending dates of RAJ KUMAR's employment or present status of employment; and
    d.  What RAJ KUMAR's job position and duties were with respect to each employment.

4.  Please list each state that has issued RAJ KUMAR a motor vehicle driver's license in the last ten (10) years, including those licenses that may have now expired or been canceled, withdrawn, suspended, surrendered, or revoked, listing the name of each issuing state and the approximate date of issuance and status for each license held.

*Plaintiff's Original Petition and Discovery Requests*

5. If RAJ KUMAR has entered a guilty plea to any offense or have been convicted of a felony or a crime involving moral turpitude within the last ten (10) years, identify any such offense or crime by its nature, date of the guilty plea or conviction, penalty assessed, and the county and state wherein the offense or crime occurred.

6. Please state each and every address where RAJ KUMAR has resided in the last ten (10) years, setting forth the approximate dates of your residence at each such address.

6. List all traffic violations for which RAJ KUMAR has been cited during the past seven (7) years, including the date, city, county, state, offense alleged, and disposition of each such citation.

8. List all motor vehicle collisions in which RAJ KUMAR has been involved in the past seven (7) years, including the location, city, county, state, and any violations for which you were cited.

10. Please state the name, address, and telephone number of any expert(s) with whom you or your attorneys have consulted, but whom you do not intend to call as an expert witness in this case or whom you have not decided to call as an expert witness in this case, but whose opinion(s) and/or impression(s) have been reviewed by any expert who is to be called as a witness at the trial of this case.

11. Identify by name and amount all intoxicating beverages, drugs, alcohol, and/or medications, prescription or otherwise, that RAJ KUMAR had taken or consumed within (24) twenty-four hours prior to the collision in question.

12. Describe in your own words how the collision in question occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

13. If you contend Plaintiff's acts or omissions caused or contributed to the collision in question, or to their injuries, please describe the basis for your position, including any evidence or statements that support your position.

14. Give the dates, times and places together with the names and addresses of persons and organizations who have provided drug or alcohol counseling or treatment, marriage counseling, or personal counseling RAJ KUMAR in the past ten (10) years.

15. Specify all mechanical or other defects, if any, of the vehicle RAJ KUMAR was driving which caused or contributed to the collision made the basis of this suit, including, but not limited to, all components of the vehicle which were inoperable, defective or otherwise in need of repair.

16. State where RAJ KUMAR had been just prior to the collision, where RAJ KUMAR was

*Plaintiff's Original Petition and Discovery Requests*

going at the time of the collision, and the purpose of the trip that RAJ KUMAR was on at the time of the collision made the basis of this suit.

17. State the speed of the vehicle at all times material to the collision in question, including specifically RAJ KUMAR's speed at the time of impact and, if RAJ KUMAR's brakes were engaged at the time of impact, please state RAJ KUMAR's speed before applying the brakes.

18. For PANTHER INTERSTATE CARRIERS, INC., please state the name, title, and present or last known address of the person employed by your company who was in charge of Defendant's Driver Safety Program on January 2, 2017.


Respectfully Submitted,


**THE CARLSON LAW FIRM, P.C.**
100 E. Central Texas Expressway
Killeen, Texas 76541
(254) 526-5688
FAX (254) 526-8204

By:  _/s/ Scott R. Crivelli_
Scott R. Crivelli
SBN: 24081713
scrivelli@carlsonattorneys.com
cc: awood@carlsonattorneys.com
cc: rkelly@carlsonattorneys.com
E-Service: efilekpi@carlsonattorneys.com
**ATTORNEYS FOR PLAINTIFF**

12/20/2018 4:43 PM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

Cause No. 18-11-22724-CVR

| | | |
|---|---|---|
| GERARDO VELASQUEZ, AND | § | IN THE DISTRICT COURT |
| JESSICA ZABILSKI, INDIVIDUALLY | § | |
| AND AS NEXT FRIEND OF ZYLER | § | |
| ZABILSKI, ZARIA ZABILSKI, | § | |
| ZELLA ZABILSKI, AND ZANE | § | |
| ALLEN, | § | |
| *Plaintiffs,* | § | REEVES COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| RAJ KUMAR and PANTHER | § | |
| INTERSTATE CARRIERS, INC., | § | |
| *Defendants.* | § | 143RD JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, GERARDO VELASQUEZ, AND JESSICA ZABILSKI, INDIVIDUALLY AND AS NEXT FRIEND OF ZYLER ZABILSKI, ZARIA ZABILSKI, ZELLA ZABILSKI, AND ZANE ALLEN, complaining of and against Defendants, RAJ KUMAR and PANTHER INTERSTATE CARRIERS, INC., hereinafter Defendants, and files Plaintiffs' First Amended Petition, and for cause of action would show the Court as follows:

### I. DISCOVERY LEVEL

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiffs intend to conduct discovery in this case under Level 3 as proscribed by TEXAS RULE OF CIVIL PROCEDURE 190.4.

### II. PARTIES & SERVICE OF CITATION

Plaintiff, GERARDO VELASQUEZ, is a natural person and was a resident of Coryell County, Texas, at the time of the events made the basis of this suit.

Plaintiffs, JESSICA ZABILSKI, INDIVIDUALLY AND AS NEXT FRIEND OF ZYLER ZABILSKI, ZARIA ZABILSKI, ZELLA ZABILSKI, AND ZANE ALLEN, is a natural person

*Plaintiffs' First Amended Petition*



EXHIBIT
2

Page 1 of 6

and was a resident of Coryell County, Texas, at the time of the events made the basis of this suit.

Defendant, PANTHER INTERSTATE CARRIERS, INC., is a foreign for-profit corporation doing business in the State of Texas without a Texas registered agent. PANTHER INTERSTATE CARRIERS, INC.'s current address is 16172 West Botelho Avenue, Kerman, California 93630. Service of Process is currently pending.

Defendant, RAJ KUMAR, is an individual whose last known mailing addresses are 3581 N. Parkway Drive, Apt. 142, Fresno, California 93722-4740, and 608 Kimball Avenue, Yonkers, New York 10704-1526. Service of Process is currently pending.

### III. MISNOMER, ALTER-EGO, ASSUMED NAME

In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

### IV. JURISDICTION

Jurisdiction is proper in this Court because Plaintiffs are entitled to damages in excess of the minimum jurisdiction of this Court. Specifically, Plaintiffs seek monetary relief of over $1,000,000.

### V. VENUE

Pursuant to Section 15.002(A)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, venue is proper in Reeves County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### VI. FACTUAL BACKGROUND

Plaintiffs bring this suit to recover damages for personal injuries sustained as a result of a collision in Reeves County, Texas, on or about January 2, 2017. Said collision was proximately caused by the negligence of Defendants.

*Plaintiffs' First Amended Petition*

At the time of the occasion in question, Plaintiffs were traveling westbound on Highway 10 East in Reeves County, Texas. Plaintiffs' vehicle attempted to pass Defendants' Freightliner Tractor Trailer in the left hand lane. Suddenly and without warning, Defendant, RAJ KUMAR, unsafely changed lanes and entered the lane the Plaintiffs were traveling in. The force of the impact caused Plaintiffs' vehicle to become wedged onto the Defendants' vehicle. Once Plaintiffs' vehicle was detached from the Defendants' vehicle, it entered the center median before coming to a stop. Defendant, RAJ KUMAR's failure to keep a proper lookout and operate his vehicle with reasonable care caused Plaintiffs to suffer severe injuries and damages.

## VII. RESPONDEAT SUPERIOR

At all times material hereto, all agents, servants, and/or employees of Defendant, PANTHER INTERSTATE CARRIERS, INC., were acting within the course and scope of employment and/or official duties. Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant, PANTHER INTERSTATE CARRIERS, INC., were acting in furtherance of the duties of their office and/or employment. Therefore, Defendant, PANTHER INTERSTATE CARRIERS, INC. is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees pursuant to the Doctrine of Respondeat Superior.

## VIII. NEGLIGENCE

Plaintiffs allege that, upon the occasion in question, Defendant, RAJ KUMAR, failed to use ordinary care in operating a vehicle in at least one or more of the following ways:

a.    Failing to safely change lanes;

b.    Failing to control speed to avoid a collision;

c.    Failing to keep a proper lookout;

*Plaintiffs' First Amended Petition*

d.     Failing to maintain control of a vehicle;

e.     Failing to pay adequate attention;

f.     Failing to make a timely application of the brakes;

g.     Failing to use due caution;

h.     Failing to yield right of way and;

i.     Striking another vehicle, causing serious personal injuries.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

### IX. NEGLIGENT ENTRUSTMENT

Plaintiffs further allege that, on or about the occasion in question, Defendant, PANTHER INTERSTATE CARRIERS, INC., owned the vehicle that was operated by Defendant, RAJ KUMAR. RAJ KUMAR was in possession of said vehicle with the express consent of Defendant, PANTHER INTERSTATE CARRIERS, INC.

Defendant, PANTHER INTERSTATE CARRIERS, INC., entrusted the vehicle to RAJ KUMAR for the purpose of operating it on the public streets and highways of Texas, and RAJ KUMAR operated it with the knowledge, consent, and permission of PANTHER INTERSTATE CARRIERS, INC., INC.  At such time, RAJ KUMAR was incompetent and unfit to safely operate a motor vehicle on the public streets and highways of Texas. Defendant, PANTHER INTERSTATE CARRIERS, INC., INC., knew or should have known, in the exercise of due care, that RAJ KUMAR was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas.

Plaintiffs also allege that, upon the occasion in question, RAJ KUMAR was negligent for failing to use ordinary care by various acts and omissions in at least one of the following ways:

*Plaintiffs' First Amended Petition*

a.    Knowingly and negligently entrusting a vehicle to a reckless driver;

b.    Knowingly and negligently entrusting a vehicle to a fatigued driver;

c.    Knowingly and negligently entrusting a vehicle to an uninsured driver;

d.    Knowingly and negligently entrusting a vehicle to an inexperienced driver; and

e.    Knowingly and negligently entrusting a vehicle to a restricted driver.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

## X. GROSS NEGLIGENCE

At the time of the incident in question, Defendant, RAJ KUMAR, was driving in such a manner and under such a condition as to create an extreme risk by his reckless disregard of the rights, welfare, and safety of other motorists, pedestrians and other persons.  Although aware of this risk, Defendant's actions demonstrate a conscious indifference to the rights, welfare, and safety of other motorists, pedestrians and other persons.  Although aware of the risk to the rights, welfare and safety of other motorists, Defendant disregarded said risks.  Such conduct demonstrates a conscious indifference to the rights, welfare, and safety of other motorists, pedestrians and other persons.  The malice demonstrated by such conduct was a proximate cause of the damages to Plaintiffs and therefore, Plaintiffs are entitled to recover punitive damages.

## XI. DAMAGES

Plaintiffs would show that, as a direct and proximate result of the above-mentioned collision, Plaintiffs sustained significant personal injuries and damages, including but not limited to the following:

a.   Past and future physical pain and suffering;

b.   Past and future mental anguish;

*Plaintiffs' First Amended Petition*

    c.   Past and future disfigurement;

    d.   Past and future medical expenses;

    e.   Past and future lost wages;

    f.   Loss of earning capacity;

    g.   Past and future physical impairment;

    h.   Past and future loss of enjoyment of life; and

    i.   Past and future loss of consortium.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer and that on final hearing Plaintiffs have judgment against Defendants for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court, and for such other and further relief, at law or in equity to which Plaintiffs are justly entitled.

Respectfully Submitted,

**THE CARLSON LAW FIRM, P.C.**
100 E. Central Texas Expressway
Killeen, Texas 76541
(254) 526-5688
FAX (254) 526-8204

By: _/s/ Scott R. Crivelli_
Scott R. Crivelli
SBN: 24081713
scrivelli@carlsonattorneys.com
cc: awood@carlsonattorneys.com
cc: rkelly@carlsonattorneys.com
E-Service: efilekpi@carlsonattorneys.com
**ATTORNEYS FOR PLAINTIFFS**

*Plaintiffs' First Amended Petition*

# FOR RETURN

PAT TARIN
REEVES COUNTY DISTRICT CLERK
143RD DISTRICT COURT
PO BOX 848
PECOS, TX 79772

ATTORNEY FOR PLAINTIFF
OR PLAINTIFF:
SCOTT R. CRIVELLI
100 E. CENTRAL TEXAS EXPRESSWAY
KILLEEN, TX 76541

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do
not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be taken
against you."

GREETING:  Defendant

**RAJ KUMAR**
**BY SERVING J. BRUCE BUGG, JR.**
**TEXAS DEPARTMENT OF TRANSPORTATION**
**COMMISSION CHAIRMAN**
**125 E 11TH STREET**
**AUSTIN, TX. 78701**

**RAJ KUMAR**
**3581 N. PARKWAY DRIVE, APT. 142**
**FRESNO, CA. 93722-4740**

You are hereby commanded to appear by filing a written answer to the Plaintiff's **ORIGINAL PETITON,
REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSIONS, REQUEST FOR PRODUCTION,
AND FIRST SET OF INTERROGATORIES** at or before ten o'clock a.m. of the Monday next after the
expiration of twenty days after the date of service of this citation before the Honorable District Court of Reeves
County, Texas at the Courthouse of said County in Pecos, Texas, filed on NOVEMBER 30, 2018, in this case,
numbered 18-11-22724-CVR on the docket of said court, and styled:

**JESSICA ZABILSKI**
**VS.**
**RAJ KUMAR, &**
**PANTHER INTERSTATE CARRIERS, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of said Plaintiff's Petition
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the
mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas, this 5th day of December, 2018.

ATTEST: PAT TARIN, DISTRICT CLERK
143RD DISTRICT COURT
REEVES COUNTY, TEXAS

BY: _____
MISTY THOMAS, DEPUTY

<u>Came to Hand on 12/05/2018 @ 4:59 p.m.</u>

CITATION – REGULAR

EXHIBIT
3

RETURN
ATTACHED

**DRLS**
516 West Annie St.
Austin, Texas 78704
5559-1A

RETURN                                              Cause No.   18-11-22724-CVR

Came to hand on the 5th day of December 2018, at 4:59 p.m.

X       Citation
X       Plaintiff's Original Petition, Request for Disclosure, Request for Admissions,
        Request for Production, and First Set of Interrogatories to Defendant
X       $25.00 fee payable to the Texas Transportation Commission

Executed at   125 E. 11th Street, Austin, Texas 78701 , within the County of  Travis , on the  6th  day of
December 2018, at  3:18  p. m., by delivering to the within named,  RAJ KUMAR (3581 N. Parkway
Drive, Apt. 142, Fresno, CA. 93722-4740), by delivering to the Chairman of the Texas Transportation
Commission, by delivering in person to Bailey Hamer, agent authorized to accept service of process on
behalf of the Texas Transportation Commission , two true and correct copies of the above specified civil
process, having first endorsed thereupon the date of delivery on each.  I am over eighteen (18) years of
age and not a party to or interested in the outcome of the above numbered cause.  I am authorized to serve
citations and other notices in this cause by Texas Supreme Court Order #PSC1660, exp. 11/30/2019.  This
return is attached to original process or a true copy thereof.  I declare under penalty of perjury that the
foregoing is true.


        Tod E. Pendergrass                      _____
Printed Name of Process Server                  Signature of Authorized Process Server
                                                DRLS, 516 W. Annie, Austin, Tx. 78704
                                                Re:  Carlson/5559-1A


VERIFICATION
STATE OF TEXAS, COUNTY OF TRAVIS

Before me, a notary public, on this day personally appeared the above-named person, known to me to be
the person whose name is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements/facts therein contained are within his/her personal knowledge to be true and
correct.  Given under my hand and seal of office on the 10th day of December 2018.

STAR SALAZAR
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-27-2019                           _____
                                                NOTARY PUBLIC in and for the State of TEXAS


Service Fee $142.00

# FOR RETURN

PAT TARIN
REEVES COUNTY DISTRICT CLERK
143RD DISTRICT COURT
PO BOX 848
PECOS, TX 79772

ATTORNEY FOR PLAINTIFF
OR PLAINTIFF:
SCOTT R. CRIVELLI
100 E. CENTRAL TEXAS EXPRESSWAY
KILLEEN, TX 76541

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

GREETING; Defendant    RAJ KUMAR
BY SERVING J. BRUCE BUGG, JR.
TEXAS DEPARTMENT OF TRANSPORTATION
COMMISSION CHAIRMAN
125 E 11TH STREET
AUSTIN, TX. 78701

RAJ KUMAR
608 KIMBALL AVENUE
YONKERS, NY 10704-1526

You are hereby commanded to appear by filing a written answer to the Plaintiff's ORIGINAL PETITON, REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSIONS, REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court of Reeves County, Texas at the Courthouse of said County in Pecos, Texas, filed on NOVEMBER 30, 2018, in this case, numbered 18-11-22724-CVR on the docket of said court, and styled:

JESSICA ZABILSKI
VS.
RAJ KUMAR, &
PANTHER INTERSTATE CARRIERS, INC.

The nature of Plaintiff's demand is fully shown by a true and correct copy of said Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas, this 5th day of December, 2018.

ATTEST: PAT TARIN, DISTRICT CLERK
143RD DISTRICT COURT
REEVES COUNTY, TEXAS

BY: _____
MISTY THOMAS, DEPUTY

**Came to Hand on 12/05/2018 @ 4:59 p.m.**

CITATION – REGULAR

# RETURN
# ATTACHED

**DRLS**
516 West Annie St.
Austin, Texas 78704
5559-18

RETURN                                        Cause No.  18-11-22724-CVR

Came to hand on the 5th day of December 2018, at 4:59 p.m.

X      Citation
X      Plaintiff's Original Petition, Request for Disclosure, Request for Admissions,
       Request for Production, and First Set of Interrogatories to Defendant
X      $25.00 fee payable to the Texas Transportation Commission

Executed at   125 E. 11th Street, Austin, Texas 78701 , within the County of  Travis , on the  6th  day of
December 2018, at  3:18  p. m., by delivering to the within named,  RAJ KUMAR (608 Kimball Avenue,
Yonkers, NY 10704-1526), by delivering to the Chairman of the Texas Transportation Commission, by
delivering in person to Bailey Hamer, agent authorized to accept service of process on behalf of the Texas
Transportation Commission , two true and correct copies of the above specified civil process, having first
endorsed thereupon the date of delivery on each.  I am over eighteen (18) years of age and not a party to
or interested in the outcome of the above numbered cause.  I am authorized to serve citations and other
notices in this cause by Texas Supreme Court Order #PSC1660, exp. 11/30/2019.  This return is attached
to original process or a true copy thereof.  I declare under penalty of perjury that the foregoing is true.


    Tod E. Pendergrass
Printed Name of Process Server              Signature of Authorized Process Server
                                            DRLS, 516 W. Annie, Austin, Tx. 78704
                                            Re:  Carlson/5559-1B

VERIFICATION
STATE OF TEXAS, COUNTY OF TRAVIS

Before me, a notary public, on this day personally appeared the above-named person, known to me to be
the person whose name is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements/facts therein contained are within his/her personal knowledge to be true and
correct.  Given under my hand and seal of office on the 10th day of December 2018.

STAR SALAZAR
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-27-2019          NOTARY PUBLIC in and for the State of TEXAS


Service Fee $142.00

# FOR RETURN

PAT TARIN
REEVES COUNTY DISTRICT CLERK
143RD DISTRICT COURT
PO BOX 848
PECOS, TX 79772

ATTORNEY FOR PLAINTIFF
OR PLAINTIFF:
SCOTT R. CRIVELLI
100 E. CENTRAL TEXAS EXPRESSWAY
KILLEEN, TX 76541

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

GREETING: Defendant

**PANTHER INTERSTATE CARRIERS, INC.
BY SERVING ROLANDO PABLOS
TEXAS SECRETARY OF STATE
1019 BRAZOS, ROOM 105
AUSTIN, TX. 78701
OR ANY PRINCIPALS, OFFICERS, OR AGENTS**

**PANTHER INTERSTATE CARRIERS, INC
16172 WEST BOTELHO AVENUE
KERMAN, CA. 93630**

You are hereby commanded to appear by filing a written answer to the Plaintiff's **ORIGINAL PETITION, REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSION, REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGAROTORIES** at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court of Reeves County, Texas at the Courthouse of said County in Pecos, Texas, filed on NOVEMBER 30, 2018, in this case, numbered **18-11-22724-CVR** on the docket of said court, and styled:

JESSICA ZABILSKI
VS.
RAJ KUMAR, &
PANTHER INTERSTATE CARRIERS, INC.

The nature of Plaintiff's demand is fully shown by a true and correct copy of said Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas, this 5th day of December, 2018.

ATTEST: PAT TARIN, DISTRICT CLERK
143RD DISTRICT COURT
REEVES COUNTY, TEXAS

BY: _____
MISSY THOMAS, DEPUTY

**Came to Hand on 12/05/2018 @ 4:59 p.m.**

RETURN ATTACHED

CITATION – REGULAR

EXHIBIT 4

DRLS
516 West Annie St.
Austin, Texas 78704
5559-2

**RETURN**                                                    Cause No.   18-11-22724-CVR

Came to hand on the 5th day of December 2018, at 4:59 p.m.

X    Citation
X    Plaintiff's Original Petition, Request for Disclosure, Request for Admissions,
     Request for Production, and First Set of Interrogatories to Defendant
X    $55.00 fee payable to the Texas Transportation Commission

Executed at   1019 Brazos, Austin, Texas 78701 , within the County of  Travis , on the  6th  day of
December 2018, at  3:15  p. m., by delivering to the within named,   PANTHER INTERSTATE
CARRIERS, INC., by delivering to the Texas Secretary of State, by delivering in person to Michelle
Robinson, agent authorized to accept service of process on behalf of the Texas Secretary of State, two true
and correct copies of the above specified civil process, having first endorsed thereupon the date of
delivery. I am over eighteen (18) years of age and not a party to or interested in the outcome of the above
numbered cause. I am authorized to serve citations and other notices in this cause by Texas Supreme
Court Order #PSC1660, exp. 11/30/2019. This return is attached to original process or a true copy thereof.
I declare under penalty of perjury that the foregoing is true.


____Tod E. Pendergrass____          _____
Printed Name of Process Server      Signature of Authorized Process Server
                                    DRLS, 516 W. Annie, Austin, Tx. 78704
                                    Re: Carlson/5559-2


**VERIFICATION**
**STATE OF TEXAS, COUNTY OF TRAVIS**

Before me, a notary public, on this day personally appeared the above-named person, known to me to be
the person whose name is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements/facts therein contained are within his/her personal knowledge to be true and
correct. Given under my hand and seal of office on the 10th day of December 2018.


STAR SALAZAR
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-27-2019          _____
                               NOTARY PUBLIC in and for the State of TEXAS


**Service Fee $163.00**